## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAKISHA FOULKS,**

**Plaintiff,**

**v.**

**MT. VERNON CITY SCHOOLS
DISTRICT 80,**

**Defendant.**                                    **No. 08-CV-0198-DRH**

## ORDER

**HERNDON, Chief Judge:**

On March 13, 2008, Makisha Foulks ("Plaintiff") filed a *pro se* complaint against Mt. Vernon City Schools District 80 ("Defendant") alleging sex discrimination. (Doc. 1.)  Although Plaintiff does not refer to the statute, it appears that she is bringing her claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, **42 U.S.C. § 2000(e)** *et seq.*  Specifically, Plaintiff alleges that she was sexually harassed by a co-employee.  Plaintiff filed a complaint with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue on December 12, 2007.  Now before the Court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 4).  Because the Court finds that Plaintiff is indigent, the Court grants both the motion to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at government expense (Doc. 4).

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff submitted a declaration documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and her motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Plaintiff.

Plaintiff must fill out this form and return it to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM-285 form, the Clerk will issue a summons for the Defendant. Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 4th day of April, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**